**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ERIC A. DOWELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:20-cv-18-SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon federal prisoner Eric A. Dowell's filing of a document titled "Defendant's Motion for Declaratory Judgment Pursuant to Fed. R. Civ. 57." For the reasons explained below, Dowell will be given the opportunity to file a motion pursuant to 28 U.S.C. § 2255 on the proper form.

### **Background**

On August 21, 2018, Dowell entered a plea of guilty to three felony drug charges, and on November 27, 2018, he was sentenced to serve a total of 162 months in prison. *See United States v. Dowell,* 1:17-cr-104-SNLJ (E.D. Mo. 2017). He sought no appeal.

Dowell filed the instant motion on January 27, 2020. He avers he brings the motion pursuant to Rule 57 of the Federal Rules of Civil Procedure to seek a declaratory judgment pursuant to the provisions of 28 U.S.C. § 2201, which is also known as the Declaratory Judgment Act. Dowell claims he is entitled to declaratory relief because there were various infirmities in his criminal proceedings before this Court. Briefly, Dowell claims he was not afforded constitutional guarantees to a grand jury indictment and the effective assistance of counsel, and his August 21, 2018 guilty plea agreement was invalid. Dowell concludes that the infirmities

resulted in a false judgment being entered against him, and he seeks an order from this Court to that effect.

## Discussion

A federal prisoner is entitled to collaterally attack the convictions under which he is being detained. *See* 28 U.S.C. § 2255. However, a federal prisoner cannot use the Declaratory Judgment Act, 28 U.S.C. § 2201, to seek relief from a judgment entered against him in a federal criminal case. *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966) (determining that a federal prisoner could not use the federal declaratory judgment statute, 28 U.S.C.A § 2201, as a post-conviction remedy to test the validity of his conviction). In reaching its determination, the *Gajewski* Court noted it had previously recognized the inability of a state prisoner to use the Declaratory Judgment Act in the federal courts to test the validity of his conviction, and that courts in other circuits had applied that same rule to federal prisoners. *Id.* (citations omitted); *see also United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) ("the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence"); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) (per curiam) (The Declaratory Judgment Act "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.").

Dowell's claim for declaratory relief is therefore subject to dismissal. However, instead of dismissing this action at this time, the Court will give Dowell the opportunity to file a motion pursuant to 28 U.S.C. § 2255. Dowell must file the motion on the Court's form, which will be provided to him, within thirty days.

Accordingly,

**IT IS HEREBY ORDERED** that Eric A. Dowell shall have thirty (30) days from the date of this Memorandum and Order within which to file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on the proper form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Dowell a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**Dowell's failure to timely comply with this order will result in the dismissal of this case, without prejudice and without further notice.**

Dated this 29th day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE